IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TRAVIS CHENEY AND
STEPHANIE CHENEY                                                        PLAINTIFFS

VS.                          NO.  5:05CV00259 JMM

COUNTRYWIDE HOME LOANS, INC.                                DEFENDANT

## ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, and Brief in Support. Plaintiff's complaint was removed from the Circuit Court of Jefferson County, Arkansas, based upon diversity jurisdiction. Defendant's motion to dismiss seeks dismissal pursuant to Fed. R. Civ. P. 12 (b)(6), statutes of limitations, res judicata, collateral estoppel, waiver, laches and failure to mitigate damages. Plaintiffs have failed to respond to Defendant's motion to dismiss. The Court hereby grants Defendant's motion to dismiss.

Under Arkansas law, when "testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed." *Shelnutt v. Laird*, - - - S.W.3d - - -, 2004 WL 2750314 (Ark. 2004), citing (*Clayborn v. Bankers Standard Insurance Co.*, 348 Ark. 557, 75 S.W.3d 174 (2002)). The Eighth Circuit Court of Appeals held that, "a complaint should not be dismissed unless it appears that the pleaders could prove no set of facts in support of their claims which would entitle them to relief." *Mann v. Arkansas State Medical Bd.*, Slip Copy, 2005 WL 1925916 (E.D. Ark. 2005), citing (*Jenkins v. McKeith*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed. 2d 404(1968)).

The complaint or the exhibits thereto allege the following:

The deed of trust allowed *in rem* actions against the land.

Plaintiff Stephanie Cheney signed the Deed of Trust, and was obligated as a borrower to

Lender's Mortgage Co.

Plaintiff Travis Cheney signed the Loan Modification Agreement to the Deed of Trust, which added his name as borrower on the Deed of Trust, thus obligating himself as a borrower to Lender's Mortgage Co.

The note, which was signed by Lawrence Piper, Jr., and not the two Plaintiffs, became in default.

Defendant instituted foreclosure on the Plaintiffs' property, which was secured by the Deed of Trust.

Defendant exercised its options under the security agreement/deed of trust.

Therefore, Plaintiffs' claims are dismissed for failure to state a claim upon which relief may be granted under Fed R. Civ. P. 12(b)(6), and the Defendant's Motion to Dismiss is GRANTED (#3).

Further, the Court finds that the Plaintiffs' claims are barred by res judicata and collateral estoppel (for failing to litigate this issue at the foreclosure proceedings), waiver, laches, statutes of limitations (for failing to timely dispute the debt as required by the Fair Debt Collection Practices Act, which allows 30 days to act; failing to respond to the Trustee's notice of default and intent to sell; and waiting two years to bring suit), and failure to mitigate damages (by failing to call or write the bank for an explanation or discussion).  Finally, the Plaintiffs' claims for embarrassment, humiliation, and depression are dismissed because there is no allegation of willfulness, wantonness or intentional wrong causing mental distress or physical injury.  *Vandiver Food Stores, Inc. v. Insurance Co. of North America*, 909 F. Supp. 618 (E.D.Ark. 1995), citing (*Midwest Buslines, Inc. v. Johnson*, 291 Ark. 304, 724 S.W.2d 453, 454 (1987)).

**IT IS SO ORDERED** this **20th** day of October, 2005.

_____
**James M. Moody**
**United States District Judge**